UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 15-66 |
| JAMES TURNER | SECTION: "S" |

### ORDER AND REASONS

Before the court is the government's pre-hearing brief (Rec. Doc. 149) requesting that the court admit its proffered evidence, including NOPD body-worn camera videos from the March 14, 2020 and July 13, 2020 criminal investigations, if the witnesses do not appear or appear and testify inconsistently with prior statements. Defendant argues that the government's proffered evidence should be excluded because it is hearsay and violates his confrontation clause rights.

At the outset, the court notes that Federal Rules of Evidence, including the hearsay rule, do not apply at revocation hearings, which are not part of the criminal prosecution or formal trials. FED. R. EVID. 1101 (d) (3). However, a defendant released under supervision who is exposed to a loss of liberty following revocation must "be given a fair and meaningful opportunity to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts." United States v. Grandlund, 71 F.3d 507, 510 (5th Cir. 1995), opinion clarified, 77 F.3d 811 (5th Cir. 1996). In a revocation hearing, a defendant "is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." FED. R. CRIM P. 32.1(b)(2)(C). This due-process right to confrontation at a revocation hearing, however, "is 'qualified' and may be

overcome by a showing of good cause." United States v. Williams, 847 F.3d 251, 253–54 (5th Cir. 2017).

In determining whether good cause exists, "courts must employ a balancing test which weighs the defendant's interest in the confrontation of a particular witness against the government's interest in the matter. A critical consideration is the indicia of reliability of the challenged evidence." Grandlund, 71 F.3d 507, 510. The government's interests include the difficulty and expense of procuring witnesses. Id. "Upon a showing of good cause, the government may introduce—and a court may revoke probation or supervised release based on—hearsay evidence without live testimony." United States v. Ferguson, 760 F. App'x 328, 330-31 (5th Cir. 2019) (citing Williams, 847 F.3d at 253–54 (5th Cir. 2017)).

In this case, the court specifically finds that good cause exists to allow the admission of the body camera footage taken following the second degree battery arrest. First, defendant has raised no serious challenge to the reliability or authenticity of the video. Second, the government has attempted to the best of its ability to procure the presence of witnesses, but anticipates that the victim may be unwilling to cooperate due to family pressure. The victim (a relative of the defendant who allegedly relies entirely on the defendant's family for support) has already recanted under oath the testimony in the recording. Where it has been plausibly alleged that the defendant is related to the victim and has been able to pressure the victim to recant, the interest of justice does not require the victim to appear. Both the body camera footage and the recanting of the testimony may be admitted into evidence at the hearing, and the court as fact-finder can resolve the implicated credibility and fact issues.

With respect to the other proffered evidence (the March 13, 2020 trespassing incident, lab reports, and police reports), the court will rule on its admissibility at the hearing, after the parties have an opportunity to introduce further evidence regarding its reliability.

New Orleans, Louisiana, this 23rd day of March, 2022.

                              **MARY ANN VIAL LEMMON**
                              **UNITED STATES DISTRICT JUDGE**